THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:12-cv-00152-MR-DLH

| | |
|---|---|
| MARY ANN HURTADO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>)<br>INDONESIAN MUSIC d/b/a "TEMPEH )<br>ONLINE"; NIRMALA PANE a/k/a )<br>NIRMALA PANE BRAAM d/b/a )<br>"TEMPEH ONLINE"; and SMILING )<br>HARA, LLC, )<br>)<br>Defendants. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Entry of Default Judgment as to Defendants Indonesian Music, a Maryland Corporation d/b/a "Tempeh Online," and Nirmala Pane, a/k/a Nirmala Pane Braam, d/b/a "Tempeh Online" [Doc. 26] pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiff Mary Ann Hurtado initiated this action on June 18, 2012 against the Defendants Indonesian Music, a Maryland Corporation d/b/a "Tempeh Online" ("Indonesian Music"); Nirmala Pane, a/k/a Nirmala Pane

Braam, d/b/a "Tempeh Online" ("Nirmala Pane"); and Smiling Hara, LLC ("Smiling Hara"), alleging claims for personal injuries arising from a severe *Salmonella* infection the Plaintiff contracted after eating contaminated tempeh. [Doc. 1]. It is alleged that the Defendants Indonesian Music and Nirmala Pane imported, manufactured, and distributed the starter culture used to produce the subject tempeh. [Id. at ¶3]. Defendants Indonesian Music and Nirmala Pane were personally served but failed to answer or otherwise respond to the Complaint. [Docs. 3, 4] On August 13, 2012, the Clerk of Court entered default against Indonesian Music and Nirmala Pane.

Defendant Smiling Hara has been dismissed from this action without prejudice. The Plaintiff now seeks the entry of a default judgment against the remaining Defendants. In support of her motion, the Plaintiff has submitted an affidavit detailing her illness, subsequent treatment, and other related damages [Doc. 27-8]; hospitalization and outpatient records related to her treatment [Doc. 27-2 through 27-6]; reports from various public health departments [Doc. 27-1, Doc. 27-7]; and the report of John Dunn, DVM, Ph.D., a medical epidemiologist [Doc. 27-9]. The Defendants did not respond to the Plaintiff's motion.

Defendant Smiling Hara, LLC, has dismissed its crossclaims against Defendants Indonesian Music and Nirmala Pane. [Doc. 30]. The only claim

remaining in this action is Plaintiff's claim against the defaulting Defendants. For this reason, this matter is now ripe for disposition. Plaintiff has waived her prior demand that damages be determined by a jury. [Doc. 28]. Therefore, this matter can be determined by the Court on the affidavits Plaintiff has filed.

## II. STANDARD OF REVIEW

Rule 55(b) of the Federal Rules of Civil Procedure provides that the Clerk may enter a default judgment if the plaintiff's claim is "for a sum certain or a sum that can be made certain by computation." In all other cases, the plaintiff must apply to the Court for a default judgment. Fed. R. Civ. P. 55(b)(2). The Court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter necessary to enter or effectuate judgment. Id. The Court may forego holding a formal evidentiary hearing, however, if the record sufficiently supports the amount of damages requested. See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc., No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009).[1]

---

[1] The Plaintiff has filed a Notice with the Court indicating that she has waived her demand for a jury trial in this matter as to the determination of her damages. The Plaintiff further has waived any right to be heard in connection with her pending motion. [Doc. 28].

In reviewing a motion for default judgment, the Court must take all well-pleaded factual allegations in the complaint regarding the defaulted defendant's liability as true. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (citation omitted). The Court must then consider whether the unchallenged facts constitute a legitimate cause of action. Id. "Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim." GlobalSantaFe Corp. v. Globalsantafe.com, 250 F.Supp.2d 610, 612 n.3 (E.D. Va. 2003).

## III. ANALYSIS

As noted above, Indonesian Music and Nimala Pane were personally served in this action but never pleaded or otherwise asserted a defense, and default was duly entered against them. Thus, all of the Plaintiff's well-pled factual allegations against these Defendants, aside from those allegations pertaining to damages, are deemed admitted. See Fed. R. Civ. P. 8(b)(6); Ryan, 253 F.3d at 780.

In her Complaint, the Plaintiff asserts products liability claims grounded in both breach of warranties and negligence against the Defendants. To state a products liability claim grounded in negligence, a plaintiff must prove: "(1) the product was defective at the time it left the control of the defendant, (2) the defect was the result of defendant's negligence, and (3) the defect proximately caused plaintiff damage." Red Hill Hosiery Mill, Inc. v. MagneTek, Inc., 138 N.C. App. 70, 75, 530 S.E.2d 321, 326 (2000). To state a products liability claim grounded in warranty, a plaintiff must prove: "(1) the defendant warranted the product (express or implied) to plaintiff, (2) there was a breach of that warranty in that the product was defective at the time it left the control of the defendant, and (3) the defect proximately caused plaintiff damage." Id. Considering the well-pled factual allegations asserted in the Complaint as true, the Court concludes that the Plaintiff has alleged each of the essential elements of these claims against Defendant Indonesian Music and Nirmala Pane.

The Court now turns to the issue of damages. The evidence presented by the Plaintiff establishes that as a result of her *Salmonella* infection, the Plaintiff incurred medical, hospital, and pharmacy expenses totaling at least $23,266.58. In addition, the Plaintiff experienced over

three weeks of severe abdominal cramping, nausea, diarrhea, and other gastrointestinal symptoms, followed by months of symptoms which gradually abated to only intermittent episodes of cramping and loose stools. The Plaintiff missed one week of work followed by several weeks of alternative duties due to her infectious state and her resulting inability to have contact with her patients. Based on the evidence presented, the Court concludes that the Plaintiff is entitled to recover judgment against the Defendants Indonesian Music and Nirmala Pane, jointly and severally, in the amount of $75,000.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Entry of Default Judgment as to Defendants Indonesian Music, a Maryland Corporation d/b/a "Tempeh Online," and Nirmala Pane, a/k/a Nirmala Pane Braam, d/b/a "Tempeh Online" [Doc. 26] is **GRANTED**, and the Plaintiff is hereby awarded damages against the Defendants Indonesian Music, a Maryland Corporation d/b/a "Tempeh Online," and Nirmala Pane, a/k/a Nirmala Pane Braam, d/b/a "Tempeh Online," jointly and severally, in the amount of Seventy-five Thousand Dollars ($75,000.00), together with interest until satisfied in full.

The Clerk of Court is directed to enter a judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: April 4, 2013

Martin Reidinger
United States District Judge